# EXHIBIT A

**SUMMONS - CIVIL**
JD-CV-1 Rev. 2-20
C.G.S. §§ 51-346, 51-347, 51-349, 51-350, 52-45a, 52-48, 52-259;
P.B. §§ 3-1 through 3-21, 8-1, 10-13

For information on ADA accommodations, contact a court clerk or go to: *www.jud.ct.gov/ADA*.

**STATE OF CONNECTICUT
SUPERIOR COURT**
www.jud.ct.gov



**Instructions are on page 2.**

☐ Select if amount, legal interest, or property in demand, not including interest and costs, is LESS than $2,500.
☒ Select if amount, legal interest, or property in demand, not including interest and costs, is $2,500 or MORE.
☐ Select if claiming other relief in addition to, or in place of, money or damages.

**TO: Any proper officer**
By authority of the State of Connecticut, you are hereby commanded to make due and legal service of this summons and attached complaint.

| Address of court clerk (Number, street, town and zip code) | Telephone number of clerk | Return Date (Must be a Tuesday) |
|---|---|---|
| 1061 Main Street; Bridgeport, CT 06604 | (203) 579-6527 | 06/29/2021 |

☒ Judicial District   G.A. Number: ☐    At (City/Town): **Fairfield**    Case type code: Major: **M**   Minor: **90**
☐ Housing Session

**For the plaintiff(s) enter the appearance of:**

| Name and address of attorney, law firm or plaintiff if self-represented | Juris number |
|---|---|
| Sabatini and Associates, LLC; One Market Square; Newington, CT 06111 | 052654 |

Telephone number: (860) 667-0839

The attorney or law firm appearing for the plaintiff, or the plaintiff if self-represented, agrees to accept papers (service) electronically in this case under Section 10-13 of the Connecticut Practice Book.   ☐ Yes  ☒ No

E-mail address for delivery of papers under Section 10-13 of the Connecticut Practice Book (if agreed):

| Parties | Name (Last, First, Middle Initial) and address of each party | |
|---|---|---|
| First plaintiff | Name: ISSA, Fatima  Address: 30 Pleasant Valley Drive; Apartment 16; Worcester, MA 01605 | P-01 |
| Additional plaintiff | Name:  Address: | P-02 |
| First defendant | Name: LOCKHEED MARTIN CORP.; 6801 Rockledge Drive; Bethesda, Maryland 20817  Address: Agent: Corporation Service Company; 100 Pearl Street; 17th Floor; MC-CSC1; Hartford, CT 06103 | D-01 |
| Additional defendant | Name:  Address: | D-02 |
| Additional defendant | Name:  Address: | D-03 |
| Additional defendant | Name:  Address: | D-04 |

Total number of plaintiffs: 1    Total number of defendants: 1    ☐ Form JD-CV-2 attached for additional parties

**Notice to each defendant**

1. **You are being sued.** This is a summons in a lawsuit. The complaint attached states the claims the plaintiff is making against you.
2. To receive further notices, you or your attorney must file an *Appearance* (form JD-CL-12) with the clerk at the address above. Generally, it must be filed on or before the second day after the Return Date. The Return Date is not a hearing date. You do not have to come to court on the Return Date unless you receive a separate notice telling you to appear.
3. If you or your attorney do not file an *Appearance* on time, a default judgment may be entered against you. You can get an *Appearance* form at the court address above, or on-line at https://jud.ct.gov/webforms/.
4. If you believe that you have insurance that may cover the claim being made against you in this lawsuit, you should immediately contact your insurance representative. Other actions you may take are described in the Connecticut Practice Book, which may be found in a superior court law library or on-line at https://www.jud.ct.gov/pb.htm.
5. If you have questions about the summons and complaint, you should talk to an attorney.
   **The court staff is not allowed to give advice on legal matters.**

| Date | Signed (Sign and select proper box) | ☒ Commissioner of Superior Court ☐ Clerk | Name of person signing |
|---|---|---|---|
| 05/28/2021 | /s/ | | James V. Sabatini, Esquire |

If this summons is signed by a Clerk:
a. The signing has been done so that the plaintiff(s) will not be denied access to the courts.
b. It is the responsibility of the plaintiff(s) to ensure that service is made in the manner provided by law.
c. The court staff is not permitted to give any legal advice in connection with any lawsuit.
d. The Clerk signing this summons at the request of the plaintiff(s) is not responsible in any way for any errors or omissions in the summons, any allegations contained in the complaint, or the service of the summons or complaint.

For Court Use Only — File Date

I certify I have read and understand the above:    Signed (Self-represented plaintiff)    Date    Docket Number

Page 1 of 2

RETURN DATE: June 29, 2021

| | | |
|---|---|---|
| FATIMA ISSA | : | SUPERIOR COURT |
| VS. | : | FAIRFIELD JUDICIAL DISTRICT |
| LOCKHEED MARTIN CORPORATION | : | MAY 28, 2021 |

## COMPLAINT

1. Plaintiff, Fatima Issa, was and is a citizen of the State of Massachusetts residing in the City of Worcester.

2. Defendant Lockheed Martin Corporation was and is a corporation organized and existing under the laws of the State of Maryland with a principal place of business located at 6801 Rockledge Drive, Bethesda, Maryland 20817.

3. Defendant owns and operates a facility located at 1210 South Avenue, Bridgeport, Connecticut 06604.

4. Defendant is an employer within the meaning of Connecticut's Fair Employment Practices Act.

5. Defendant employs 3 or more individuals.

6. Plaintiff applied for employment with the defendant.

7. Plaintiff applied for applied for the job position of Operations Analyst Associate located at 1210 South Avenue, Bridgeport, Connecticut 06604.

8. Plaintiff was qualified for the position she applied for.

9. Defendant employs Mario Gonzalez.

10. Gonzalez is a supervisory employee.

11. Defendant sent a letter dated December 10, 2019 to the plaintiff extending a job offer to her.

12. The job offer was for the Operations Analyst Associates position at the Bridgeport facility.

13. Gonzalez was to be plaintiff's supervisor.

14. Defendant employs Nicole Foster.

15. Foster's job position is Talent Acquisition.

16. Foster authored the December 10, 2019 job offer letter.

17. Plaintiff accepted defendant's job offer.

18. Plaintiff suffers from Lyme Disease.

19. Lyme Disease symptoms include chronic pain.

20. Plaintiff suffers from chronic pain and pain flare-ups due to the Lyme Disease.

21. Plaintiff was prescribed medical marijuana for the pain caused by the Lyme Disease.

22. Plaintiff has a medical marijuana card.

23. Defendant sent plaintiff for drug testing.

24. Plaintiff submitted to the drug testing.

25. Plaintiff went to Quest Diagnostics for the drug testing.

26. Specifically, plaintiff went to Quest Diagnostics located at 730 Kingstown Rd Ste 5 Wakefield, Rhode Island 02879.

27. Plaintiff spoke to the nurse at Quest Diagnostics and informed the nurse about her medical marijuana card.

28. The nurse told plaintiff that a medical reviewer would contact her.

29. Alex Bullock was identified as the medical reviewing officer of plaintiff's drug test results.

30. Upon information and belief, Alex Bullock is an agent and/or employee of the Respondent or Quest Diagnostics.

31. The drug test came back positive for marijuana.

32. The test came back positive for marijuana because plaintiff has been prescribed medical marijuana for pain management – the pain caused by chronic Lyme Disease.

33. The medical review office contacted plaintiff to call the office to discuss the drug test results.

34. Plaintiff called the medical review office.

35. Plaintiff told the company's medical review officer ("officer") that she uses marijuana for medicinal purposes to treat her disability. The officer made a notation on plaintiff's test results before submitting the results to Respondent.

36. The drug test report was sent to the defendant and defendant received it.

37. A report of the drug test was sent to plaintiff.

38. In the report, it states next to "Result Comment" – "Donor alleges medical marijuana status."

39. On January 16, 2020, defendant rescinded the job citing the drug test results.

40. Plaintiff can perform the essential functions of the job with or without a reasonable accommodation.

41. Defendant relied on the information Quest Diagnostics and Bullock supplied to the company when deciding to rescind its job offer to the plaintiff.

42. Prior to accepting defendant's job offer, plaintiff was accepted to defendant's college internship program. The internship required that plaintiff receive a security clearance from the federal government's Department of Defense ("DOD"). To qualify for the clearance, plaintiff submitted information to her college, revealing that she holds a medical marijuana card through the state of Massachusetts. Nonetheless, DOD issued the clearance, allowing plaintiff to be admitted to the internship. While clearance from DOD varies by the type of position held, its clearance process for the internship was the same as that for the job she sought with defendant. Plaintiff's responsibilities for the position for which she applied would be similar to those of her internship.

43. The drug test results were received by defendant's Free Employment Screening Program Manager, Vicki Pavay.

44. Pavay reviews the results of background checks for all hires made from outside the organization for a domestic-based position.

45. Pavay saw the officer's note about plaintiff's use of medical marijuana.

46. Just as the drug screening company allows for an applicant to offer an explanation for his or her results, defendant has a process when an applicant fails a drug screening that allows the applicant an opportunity to provide an explanation. However, Plaintiff was not given such an opportunity by Defendant.

47. Instead, Pavay recommended that plaintiff's offer be rescinded. Pavay submitted her recommendation to defendant's legal representatives, business area, and talent acquisition team. The team acquisition team included Ms. Nicole Foster, a College Recruiter, who made the conditional hiring offer to plaintiff and directed plaintiff to take the drug test.

48. Defendant does not have a standard in which to evaluate job applicants who receive a hiring offer and then fail a drug test for marijuana use. Defendant also does not have a blanket exception for medical marijuana use.

49. As a result, Pavay has supported some hiring offers for applicants testing positive while recommending rescission for others' offers. Pavay makes her recommendations on a case by case basis without taking into account any specific, articulable factors, such as consistency among protected classes.

50. On January 10, 2020, following Pavay's guidance, Foster rescinded the job offer because of the marijuana-positive result.

51. For applicants who test positive for marijuana, defendant does not employ or follow a standard that prevents disparate treatment. Defendant neither makes exceptions for legal use of medical marijuana nor explains why legal use would harm job performance. Instead, defendant employs a case-by-case method and a factor-free standard resulting in arbitrary and discriminatory decisions.

52. Defendant engaged in selective enforcement of its drug policy.

53. Defendant treated plaintiff less favorably for having a disability and takes medical marijuana for the disability than an applicant who tested positive for marijuana but did not have a disability.

54. Plaintiff filed charges against defendant with the Connecticut Commission on Human Rights and Opportunities (CHRO) on or about May 26, 2021.

55. Plaintiff received a release of jurisdiction from the CHRO on or about March 3, 2021. (Ex.1)

## FIRST COUNT
### (Disability Discrimination in Violation of C.G.S. §46a-60(b)(1))

1. Plaintiff repeats the allegations in paragraphs 1 through 55 above as if fully incorporated herein.

56. Defendant, by and through its agents, servants, and/or employees, violated the Connecticut Fair Employment Practices Act C.G.S. §46a-60b *et seq.* in one or more of the following ways.

   (a) In that defendant interfered with plaintiff's privilege of employment on the basis of her disability (actual or regarded as);

   (b) In that defendant discriminated against the plaintiff in such a way that adversely affected her status as an employee;

   (c) In that defendant treated the plaintiff adversely different from similarly situated applicants for hire;

   (d) In that defendant rescinded plaintiff's offer of employment on account of her disability (actual or regarded as);

   (e) In that defendant intentionally discriminated against the plaintiff; and

   (f) In that defendant failed to hire plaintiff because of her actual disability or perceived as being disabled.

57. As a direct and proximate result of defendant's unequal treatment and discrimination, plaintiff has been deprived of her employment and equal employment opportunities because of her disability (actual or regarded as).

58. As a direct and proximate result of defendant's discrimination of the plaintiff, plaintiff has been deprived of income, wages, and employee benefits.

59. As a further result of defendant's discrimination and failure to hire, plaintiff has

suffered emotional pain, suffering, embarrassment, shame, inconvenience, mental anguish, loss of enjoyment of life, impairment of her personal and professional reputation, damage caused by the Plaintiff's loss of insurances and savings and investment opportunities, and other pecuniary and non-pecuniary losses.

60.    Plaintiff has suffered and will continue to suffer injuries and losses as a result of defendant's wrongful and discriminatory acts.

## DEMAND FOR RELIEF

WHEREFORE, plaintiff prays for appropriate damages including: compensatory damages; damages for back pay, front pay, lost personal days, emotional distress; attorneys' fees; costs; interest; consequential damages; punitive damages; prejudgment interest; job reinstatement/hire; for an injunction requiring the removal of any and all adverse information contained in plaintiff's personnel file; for a trial by jury; and for all other just and proper relief.

Hereof fail not but of this writ with your doings thereon make due service and return according to law.

Dated at Newington, Connecticut this 28th day of May 2021.

_____
James V. Sabatini, Esquire
SABATINI AND ASSOCIATES, LLC
1 Market Square
Newington, CT 06111
Tel. No.: (860) 667-0839
Fax No.: (860) 667-0867
Email: jsabatini@sabatinilaw.com
Juris No. 052654

Please file our appearance
on behalf of the Plaintiff.

_____
James V. Sabatini

## STATEMENT OF AMOUNT IN DEMAND

The amount in demand is greater than $15,000.00

exclusive of attorneys and costs.

# EXHIBIT 1

# STATE OF CONNECTICUT
## COMMISSION ON HUMAN RIGHTS AND OPPORTUNITIES

Fatima Issa
**COMPLAINANT**

CHRO No. 2020467

vs.

EEOC No. 16A-2020-01084

Lockhead Martin Corp.
**RESPONDENT**

## RELEASE OF JURISDICTION

The Commission on Human Rights and Opportunities hereby releases its jurisdiction over the above-identified complaint. The Complainant is authorized to commence a civil action in accordance with CONN. GEN. STAT. § 46a-100 against the Respondent in the Superior Court for the judicial district in which the discriminatory practice is alleged to have occurred, in which the Respondent transacts business or in which the Complainant resides. If this action involves a state agency or official, it may be brought in the Superior Court for the judicial district of Hartford.

A copy of any civil action brought pursuant to this release must be served on the Commission at ROJ@ct.gov or at 450 Columbus Blvd., Suite 2, Hartford, CT 06103 at the same time all other parties are served. Electronic service is preferred. **THE COMMISSION MUST BE SERVED BECAUSE IT HAS A RIGHT TO INTERVENE IN ANY ACTION BASED ON A RELEASE OF JURISDICTION PURSUANT TO CONN. GEN. STAT. § 46a-103.**

The Complainant must bring an action in Superior Court within 90 days of receipt of this release and within two years of the date of filing the complaint with the Commission unless circumstances tolling the statute of limitations are present.

**DATE:** March 3, 2021

Tanya A. Hughes, Executive Director

Service:
Complainant's counsel: jsabatini@sabatinilaw.com
Respondent's counsel: david.salazar-austin@jacksonlewis.com